CLEVELAND CITY FORGE IRON CO. v. TAYLOR BROS. IRON-WORKS CO., Limited. PRENTISS TOOL & SUPPLY CO. v. SAME. NILES TOOL WORKS v. SAME.

*(Circuit Court, E. D. Louisiana. February 13, 1893.)*

Nos. 12,154, 12,152, 12,153.

CORPORATIONS—DISSOLUTION—NOTICE—RIGHTS OF CREDITORS—ATTACHMENTS.
A provision in the charter of a corporation, requiring the advertisement of 10 days' notice of a stockholders' meeting for the purpose of altering or amending the charter, is so far for the benefit of creditors that a resolution to dissolve the corporation, passed at a meeting called without such notice, is ineffectual to prevent a subsequent attachment of the corporation's property by existing creditors.

At Law. These were three actions commenced by attachments brought, respectively, by the Cleveland City Forge Iron Company, the Prentiss Tool & Supply Company, and the Niles Tool Works against the Taylor Bros. Iron-Works Company, Limited. Heard on motion by the liquidating commissioners of the defendant corporation to dissolve the attachments and dismiss the suits. Denied.

The motion to dissolve the attachments was based upon the ground that the defendant corporation had been dissolved before the attachments were levied, and the question was as to whether the dissolution had taken place as against creditors. A resolution purporting to dissolve the corporation had in fact been passed at a meeting of the stockholders held November 16, 1892, but this meeting was held without any advertisement of notice thereof. Article 5 of the corporation's charter required that 10 days' notice should be given of any meeting to be held for the purpose of altering or amending the charter; and article 7 declared that whenever the corporation was dissolved its affairs should be wound up by three stockholders, to be appointed as liquidators at a general meeting of the stockholders, convened after 30 days' advertised notice.

Denegre, Bayne & Denegre, for plaintiff Cleveland City Forge Iron Co.

W. S. Parkerson, for plaintiffs Prentiss Tool & Supply Co. and Niles Tool Works.

T. J. Semmes, B. K. Miller, and A. H. Wilson, for defendants.

BILLINGS, District Judge. In all these cases the same question is presented. In each the suit was commenced with an attachment of the property of the defendants. In the first the attachment was levied and the citation served before any steps were taken on the part of the defendants towards recording the dissolution. In the last two cases the meeting of the stockholders of the defendant corporation had been held, and the resolution to dissolve had been passed, but not recorded before the filing of the suit. According to the return of the marshal in all of the cases, service was made on December 7, 1892, and according to the certificate of the recorder of mortgages the resolution of the

stockholders to dissolve was not recorded till January 6, 1893. But these dates do not, in my opinion, vary the rights of the respective plaintiffs. In each case the parties who appear are the liquidating commissioners, elected by the majority of the stockholders of the defendant corporation, who appear only for the purpose of moving that the attachments be dissolved and the suits dismissed, for this: that the corporation of the defendants has been dissolved. I find as a fact that at a general meeting of the stockholders, of which there was no advertised notice, a majority of them voted to dissolve the corporation, and elected the above-named liquidating commissioners, and agreed to waive the notice of the meeting called for by the seventh section of the charter. Some question was made by the plaintiffs as to whether the waiver applied to the notice required by the fifth section, as the waiver specified for notice called for by section 7, and also that no evidence was submitted showing that the meeting was called for the purpose of effecting the dissolution. But, in my opinion, it is not necessary to decide whether the waiver was intended to apply to the advertised notice of 10 days as well as to the 30-days notice, and, in the absence of proof, I think, prima facie, the call was for the purpose for which the meeting acted.

This brings me to the question whether the provision in the defendant corporation's charter that at a general meeting called for that purpose upon a notice of 10 days, published by advertisement in one of the daily newspapers, is so far for the benefit of the creditors of the corporation that they can insist that there must be the advertised notice for the period of 10 days, and therefore, if at a meeting called without such advertised notice, though the proper majority vote for a dissolution, the corporation, so far as the creditors are concerned, is not dissolved. It is to be observed that this meeting in question was to be advertised in one of the daily newspapers. It was therefore to be a notice to stockholders, and to creditors, if the latter were interested in the meeting. The question turns upon the ulterior one whether they could have been affected by such a notice. I think it must be conceded that even as to future credits the existing creditors were interested, for such a notice would almost preclude credits of that sort. No corporation could get credit that had advertised its meeting to dissolve. The amount of debt might, therefore, be kept down by the advertisement. Again, existing creditors might be induced by such an advertisement to take proceedings in equity to preserve their interest in the assets of the corporation, and to take or hasten proceedings at law against the corporation before it should become dissolved. If the creditor, in consequence of the advertisement, commenced suit, non constat but that the corporation might confess judgment, or, if he had already commenced suit, he might obtain judgment in such suit. In the absence of precedents in the books upon this question, I concur in the opinion of Judge Theard in Simon v. Taylor Bros., Limited, that, if a corporation puts into its charter such a provision, which is required to be recorded, and parties give credit to the corporation upon its recorded charter, so far as concerns creditors, the

stockholders cannot waive this clause. Article 5 of the defendants' charter is in the nature not only of an internal regulation, but also of an external obligation; and, so far as creditors are concerned, there can be no dissolution without the advertisement for the prescribed period of time.

.My conclusion is that in any case, whether the liquidators can present this question in this cause or not, upon the facts proved and found above there has been no dissolution, by reason of the absence of the advertisement of the meeting, and therefore the motion of the liquidators in each of the cases must be refused.

I append to this opinion a copy of article 7 of the charter of the defendant corporation and of the proceedings of the meeting of stockholders at which the resolution to dissolve was passed.

"Art. 7. Whenever this corporation is dissolved, either by limitation or from any other cause, its affairs shall be liquidated under the superintendence of three stockholders, to be appointed for that purpose at a general meeting of the stockholders, convened after thirty days' prior notice shall have been published in one of the daily newspapers of the city of New Orleans, and with the assent of a majority in amount of the entire capital stock. Said commissioners shall remain in office until the affairs of said corporation shall have been fully liquidated; and, in case of the death of one or more commissioners, the survivor or survivors shall continue to act."

"[Copy.]

"[Stamp.]          [Stamp.]

"New Orleans, Nov. 16|92.

"A general meeting of the stockholders of this company was held this day, Vice Prest. J. C. Meyer in the chair. The following stockholders were represented either personally or by proxy: J. C. Meyer, Geo. Taylor, Jas. O'Rourke, W. A. Taylor, J. C. Meyer, Jr., C. Wedderin, and J. C. Finney, Jr.

"Mrs. Jessie A. Taylor, absent, represented by Geo. Taylor, 101 shares; W. R. Taylor, absent, represented by C. Wedderin, 229 shares.

"On motion of Mr. O'Rourke it was resolved that this company do hereby dissolve, and' proceed to a liquidation of its affairs, and the appointment of three liquidating commissioners, under section No. 7 of the charter. Carried unanimously.

"There were filed with the Sect'. the written consent of the absent stockholders to waive the notice and publication required by section 7 of the charter.

"The following stockholders were elected liquidating commissioners of the company: Carl Wedderin, Walter A. Taylor, and J. C. Finney, Jr.

"There being no further business before the meeting, same was adjourned.
"J. C. Meyer, Vice Prest.
"W. A. Taylor, Secty."

"Personally appeared Walter A. Taylor, who, being duly sworn, deposes and says that the foregoing is a true and correct copy of the minutes of a general meeting of stockholders of the Taylor Bros. Iron-Works Company, Limited, held November 16th, 1892.          W. A. Taylor.

"Sworn to and subscribed before me this 6th day of January, 1893.
"Jas. D. Rankin,
"[Seal.]          Deputy Clerk, Civil District Court
for the Parish of Orleans.

"Recorded in margin of Book 444, fo. 222, in mortgage office.
"New Orleans, January sixth, 1893.
"[Seal.]          Jos. Batt, R. M.
"Recorder Rec'd.   Jan. 6, 1893, 12:10 P. M.   Mortgages."